Judge Logan
delivered the opinion of the court.
This was a suit in chancery, brought for the cancelment of the following instrument of writing, and to compel Barlow, who obtained letters of administration on the estate of Reuben Cochran, deceased, to deliver to Hinton certain slaves, which, by the last will of the decedent, were devised to him.
The writing referred to is as follows:
“Know all men by these presents, that I, Reuben Coch“ran, of the county of Barren and state of Kentucky, for “and in consideration of the ldve and affection I have for “my daughters born out of wedlock, namely, Docia Mar“tin and Susanna Martin, do give to the said Docia and “Susanna Martin, all and eyery description of property “now in my possession, or of which I am owner, and at the “time of my death to be equally divided between said Do-“cia and Susanna Martin,, that I may die possessed of, both “real and personal. Witness my hand and seal, this 21st “of September, 1813.
“REUBEN COCHRAN, (seal.)
“Test — Phillip CaRteR,
“Jacob Goodman, Jr.”
Cochran, in March following, duly made his last will, as has before been determined by this court; and in May departed this life; in which be devised to the above mention- *98 e(j persons, Docia and Susanna, his land, and to Hinton the appellee, his nephew, the slaves in question. Subsequent to his death, on the Í2th May, 1814, the before recited instrument was produced and proved before the clerk of the county court, to be the act and deed of Reuben Cochran, by the oaths of the subscribing witnesses.
Toefiectu-d-ojver • the grantor ⅛ essential.
Á deed placed in the strang-er for safe keeping, is not a
•fiheriran s-er * deliver the deed to the grantee, ^delivery '■
, Barlow intermarried with Docia, and having obtained letters of administration on the estate of the decedent, pending the contest about the will, now refuses to deliver the slaves, on the ground that, by the before mentioned instrument of writing, they were given to Docia and Susanna Martin.
The genuineness and effect of that writing, therefore, presents the only questions for the determination of the court in this suit.
This court has no hesitation in concurring with the cir-cu’t c0lirt '“'the decree pronounced, that the writing shall cancelled,, and the property delivered over agreeably to the will of Cochran. Whether the case is exaniined upon the ground of fraud in the consummation of the writing after the death of Cochran; or upon the ground that the instrument had not been delivered as the deed of the donor : is, in either case, perfectly satisfactory to the court.
It is true there is in this, as was in the former case, a-bunda.nt evidence to prove, that it had been the intention °f Cóchrañ, to give to those girls the whole of his estate; and toward fhe effectuation of that intention, that he, in 1813, commenced such a writing as he was advised would be most proper for that purpose. Now, to place the most favorable construction on the transaction, and it amounts to this: that Carter, the draftsman, had prepared the instrument, delivered it to Cochran, and left him;— that he, on a subsequent day called, when Cochran informed him be had “filled” it; and that, for the purpose of safe keeping, he wished him to take it; that, in the mean time, Goodman, the other witness, had attested it; and that he, Carter, had afterwards delivered it to one of the girls, n'l^out knowledge of Cochran. From this state of ^*e case alone, it is clear that there was not such a delivery by Cochran, as to place the instrument of writing beyond his controul; that'it. operated merely in the nature of a a"d remained subject to his future direction. But waiving this ground, and the evidence is entirely satisfaz *99 ton' to this court, that the writing in controversy was consummated since the death of Reuben Cochran.
Wickliffe for appellant, Hardin and Bibb contra.
The decree must be affirmed with cost.